IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEE O. SANDERS,

                Plaintiff,                Case No. 3:05 CV 7056

-vs-

                                              MEMORANDUM OPINION

DAIMLERCHRYSLER CORPORATION,

                Defendant.

KATZ, J.

This matter is before the Court on the defendant's motion for clarification, reconsideration, and amendment (Doc. 108) of this Court's November 9, 2006 judgment entry and order (Doc. 101).

Although a motion for reconsideration is not mentioned in the Federal Rules of Civil Procedure, it is often treated as a motion made under Rule 59(e). *McDowell v. Dynamics Corp. of America*, 931 F.2d 380 (6th Cir. 1991); *Shivers v. Grubbs*, 747 F. Supp. 434 (S.D. Ohio 1990). The purpose of a motion to alter or amend judgment under Fed. R. Civ. P. 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney*, 489 U.S. 169, 174 (1988). This rule gives the district court the "power to rectify its own mistakes in the period immediately following the entry of judgment." *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982). Generally, there are three major situations which justify a district court altering or amending its judgment: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent a manifest injustice." *In re*

*Continental Holdings, Inc.*, 170 B.R. 919, 933 (Bankr. N.D. Ohio 1994); *Braun v. Champion Credit Union*, 141 B.R. 144, 146 (Bankr. N.D. Ohio 1992), *aff'd*, 152 B.R. 466 (N.D. Ohio 1993); *In re Oak Brook Apartments of Henrico County, Ltd.*, 126 B.R. 535, 536 (Bankr. S.D. Ohio 1991). It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal. *Dana Corp. v. United States*, 764 F. Supp. 482, 488-89 (N.D. Ohio 1991); *Erickson Tool Co. v. Balas Collet Co.*, 277 F. Supp. 226 (N.D. Ohio 1967), *aff'd*, 404 F.2d 35 (6th Cir. 1968).

This Court will clarify the major points that Defendant Daimler Chrysler has raised. First, the six month statute of limitations established in Plaintiff Mee O. Sanders' employment application operates to bar Sanders' claim of sexual harassment with regard to her March 2003 layoff. The opinion discussed her claim of "disability discrimination" because her original claim arising out of the March 2003 layoff, first filed with the Ohio Civil Rights Commission, was for disability discrimination. The Court herein clarifies: all claims, including sexual harassment, that arise solely from Sanders' layoff in March 2003 are time-barred by the six-month statute of limitations contained in Sanders' employment application. The other incidents, which include chains of events culminating in a confrontation in March 2004, occurred within six months of Plaintiff's filing of claims with the EEOC or the OCRC.

Next, with regard to quid pro quo harassment, the Court herein reiterates that it has found genuine issues of material fact, as noted in the underlying opinion, with regard to whether respondeat superior liability existed and whether Lott caused Sanders to suffer tangible job detriments. There is a factual dispute as to what role Frazier played in arranging jobs for Sanders and whether such actions were related to Lott's alleged sex-for-jobs threats. There is also a

factual dispute as to whether Lott himself acted in a supervisory capacity by arranging "easier" jobs for Sanders based on whether she would engage in a personal relationship with him, thereby giving him supervisory status and significant control over her employment conditions. As stated in the Court's opinion, at the summary judgment phase the facts are to be viewed in the light most favorable to the non-movant. Defendant may naturally disagree with the Court's holding, but that is an issue for appeal, not reconsideration.

Finally, with regard to the hostile work environment claim, Defendant argues that the Court applied the "objective and subjective" standard incorrectly and Sanders did not "prove" that the conduct of her co-workers was "based on" her gender. The Court disagrees. In its opinion, on pages 13-14, the Court applied the proper standard and did so with deliberate language. Defendant argues that there is no evidence that the alleged actions by Defendant or its employees were undertaken because Sanders was female as opposed to male, and that the conduct was not overtly sexual in nature. However, it is clear that the harassment that occurred was because Sanders was a female, and the harassment, at its root, was sexual in nature, when the facts are viewed in the light most favorable to Plaintiff. As Plaintiff states at page 20 of her brief (Doc. 86), "Plaintiff endured years of sexual harassment. She was forced out of her job for refusing to have a sexual relationship with Mr. Lott. From March 2003 until August 2003, Mr. Lott forced her to have sex with him on a handful of occasions with promises of getting her job back." If Plaintiff can establish these facts before a finder of fact, one could reasonably conclude that the harassment was sexual in nature, and therefore based on Sanders' sex.

At this phase, and pursuant to the standard for summary judgment, the Court must assume the facts in the light most favorable to Plaintiff. So viewed, the following facts may be proven as

alleged: Plaintiff was coerced into sexual activity with the union steward (Lott) by threats of job placement that the steward arranged through his friendship with the department's area manager (Frazier), against whom other female employees at the same plant have levied multiple complaints of sexual harassment. When she engaged in activity with Lott, Plaintiff received preferable placement; when she did not do the former, neither did the latter occur. Further, the Defendant instructed Lott to treat Plaintiff as any other employee, instead of accommodating the situation on the basis of previously-filed sexual harassment complaints by her against him. Defendant would have us find that these facts, even if proven true, do not constitute sexual harassment for the reasons referenced herein and in the Court's previous memorandum opinion. The Court has hopefully clarified why – in light of the standard of review, the governing law, and the alleged facts – it cannot do so.

Defendant's motion for reconsideration (Doc. 108) is hereby denied.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    U. S. DISTRICT JUDGE