IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEE O. SANDERS,

                Plaintiff,              Case No. 3:05 CV 7056

-vs-

                                                  MEMORANDUM   OPINION
DAIMLER CHRYLSER CORP., et al.,           AND   ORDER

                Defendant.

KATZ, J.

This matter is now before the Court on the motion of the Plaintiff, Mee Sanders, for partial summary judgment (Doc. 175) on the ground of collateral estoppel, and Defendant Chrysler Group's response thereto.[1]  The motion will be denied.

This case is one of two suits brought by Sanders arising from sexual harassment she claims to have suffered while working at a Chrysler plant in Toledo, Ohio.  Sanders' other suit was brought against her union as well as her former supervisor, Richard Lott. See *Sanders v. U.A.W. Local 12*, 2008 WL 207844 (N.D. Ohio Jan. 24, 2008).  This Court previously denied Plaintiff's motion to consolidate the two cases, finding that the claims in each "have little in common legally and factually." (Doc. 130 at 3).

Sanders won a judgment in her favor in the *U.A.W.* case, as the jury there found, *inter alia*, that Lott sexually harassed her. She now asks that collateral estoppel effect be given to that finding in this case.

In order for collateral estoppel to bar relitigation of an issue, "the precise issue raised in the present case must have been raised and actually litigated in the prior proceeding." *United States v.*

---

[1] Originally, Plaintiff's motion also requested joinder of Daimler AG and Dieter Zetsche as defendants, but she subsequently withdrew this portion of the motion (Doc. 189).

*Cinemark USA, Inc.*, 348 F.3d 569, 583 (6th Cir. 2003). But the issue of Lott's sexual harassment in this case is distinct from any issue raised and actually litigated in the *U.A.W.* action. That is because the Court has ruled in this case that "all claims, including sexual harassment, that arise solely from Sanders' layoff in March 2003 are time-barred" due to a six-month limitations period for filing claims that Sanders agreed to in her employment application with Defendant. (Doc. 121 at 2). Sanders was not bound by this limitations period as to the defendants in the *U.A.W.* case, and she presented evidence at that trial of sexual harassment by Lott relating to her March 2003 layoff and before. Because a general verdict form was utilized in the *U.A.W.* case, it is not possible to determine whether the jury held Lott liable for sexually harassing Sanders based in whole or in part on events for which Defendant cannot be held liable in this case.

Therefore, the jury finding as to Lott's liability in the *U.A.W.* case cannot be given collateral estoppel effect in this suit, and the Plaintiff's motion for partial summary judgment (Doc. 175) is denied.

IT IS SO ORDERED.

      s/ *David A. Katz*
DAVID A. KATZ
U. S. DISTRICT JUDGE