IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

MEE O. SANDERS,

                Plaintiff,                Case No. 3:05 CV 7056

-vs-

                                          O  R  D  E  R

CHRYSLER GROUP, LLC,

                Defendant.

KATZ, J.

This matter is before the Court on Plaintiff's Motion for New Trial (Doc. 274), Defendant's Opposition (Doc. 277), Plaintiff's Reply (Doc. 278), and Defendant's Sur-Reply (Doc. 281). For the reasons stated below, Plaintiff's motion will be denied.

**I. BACKGROUND**

Plaintiff Mee Sanders became a full time employee at Defendant's Jeep plant in 1997[1]. In 2001, she began a sexual relationship with fellow Chrysler employee, Richard Lott ("Lott"). At all times pertinent to this claim, Lott was an elected steward of the United Automobile, Aerospace, Agricultural Implement Workers of America, Local 12, Region 2B ("Union"); the Union covered the hourly workers at the Jeep plant, including Sanders.

Plaintiff ended her relationship with Lott in 2003. Also in 2003, she was laid off from the plant due to medical restrictions. Sanders claims that Lott engineered this lay off in order to keep her from leaving him and/or force her to return to him. She nearly returned to work in March

---

[1] Plaintiff originally sued the Daimler Chrysler Corporation, but has amended her suit to target Chrysler Group, LLC given the changes the company has recently experienced. The Court will simply refer to "Chrysler" or "Defendant."

2004, but claims that Torrence Frazier, a supervisor and member of Chrysler management, prevented her return at Lott's behest. She finally returned to work in late 2004.

When Plaintiff returned to work, Lott was one of the three stewards elected for the area where she worked. Sanders had no problems until Lott rotated to cover union members in her section. In May 2005, there was an incident where Lott spoke with Sanders. She claims that he surprised her, lunged at her in a threatening manner, and yelled a simple greeting. The manager present at that time claims Lott merely walked by and greeted Plaintiff. Defendant investigated the incident and directed Lott to refrain from speaking with Plaintiff. In July 2005, shortly after the dismissal of her civil protection order against him, Lott arrived on the line to speak with a coworker a few feet from Plaintiff. He left without speaking to her and she called the police. Defendant investigated the incident and decided to transfer Plaintiff to a different department. Chrysler claims that Sanders agreed and Sanders claims the transfer was retaliation.

Sanders filed this suit in 2004 in the Eastern District of Michigan. The case was subsequently transferred to this Court. Her suit originally contained claims for sexual harassment and gender discrimination. In January 2006, she amended the complaint to include a claim for hostile work environment. On August 14, 2006, Plaintiff attempted to supplement her complaint with an EEOC charge covering the summer 2005 events. In 2010, she amended her complaint to reflect changes to Defendant's corporate structure. At no point did she attempt to amend her complaint to include a claim of retaliation, though she did allege that retaliation played a part in her other claims.

The Court granted Defendant partial summary judgment in 2006, enforcing a contract provision that time barred any claim relating to Plaintiff's lay off in 2003[2]. The Court also granted summary judgment to Defendant on Plaintiff's claim of gender discrimination because Plaintiff failed to defend the claim in defending against summary judgment[3].

In a separate proceeding which included issues time-barred in this case, Plaintiff secured a verdict against Lott for sexual harassment. In 2010, the Court denied Plaintiff's motion for partial summary judgment which would have given that verdict issue preclusive force. Because the verdict against Lott included (or, at least, could have included) events not at issue in this case (the 2003 lay off), the Court found that it would carry no preclusive weight.

Shortly before trial, the parties exchanged a flurry of motions in limine. Notably, Defendant moved to exclude other claims of harassment made against Chrysler, to restrict evidence to the period from March 2004 to July 2005, to exclude mention of the verdict against Lott, and to exclude a claim for retaliation. The Court granted all of these, except with regard to the evidence of hostility of her environment (as opposed to *quid pro quo* or discrete incident harassment) for periods prior to March 2004. The Court ruled that evidence of other complaints was irrelevant because she did not know of those complaints until after she filed her suit; that

---

[2] Though the Court originally granted summary judgment with regard to disability discrimination, it clarified that summary judgment applied to all claims relating to the 2003 lay off in a 2008 order denying reconsideration of its rejection of summary judgment on sexual harassment.

[3] Despite Plaintiff's complaint failing to include a claim for retaliation, Defendant moved for summary judgment on retaliation at that time and Plaintiff failed to defend that claim, as well as the gender discrimination claim.

claims arising after July 2005 and claims for retaliation were not contained within her suit; and that the verdict against Lott, because it had no preclusive force, would confuse the jury.

The case went to trial on Plaintiff's hostile environment claim. The jury returned a verdict stating that Plaintiff did not suffer hostile environment sexual harassment. She has moved for a new trial under Fed. R. Civ. P. 59(a) ("Rule 59(a)"), protesting some of the Court's rulings on the motions in limine.

## II. STANDARD

Under Rule 59(a) "a new trial may be granted 'in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States.'" *Holmes v. City of Massillon*, 78 F.3d 1041, 1045 (6th Cir. 1996) (citing Rule 59(a)). Generally, there are three such situations: "(1) the verdict being against the weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, *i.e.,* the proceedings being influenced by prejudice or bias" *Id.* at 1046. In some circumstances, incorrect rulings on the admissibility of evidence may satisfy the third situation. *Id.* In order to obtain a new trial due to erroneously excluded evidence, Plaintiff must not only show that the evidence was wrongly excluded, she must also demonstrate that inclusion of the evidence would have changed the outcome of the trial. *Tompkin v. Phillip Morris USA, Inc.*, 362 F.3d 882, 891 (6th Cir. 2004) (citations omitted). Further, under Fed. R. Civ. P. 61, the Court "must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." In other words, if an error is harmless, it is not grounds for a new trial. *Morales v. American Honda Motor Co.*, 151 F.3d 500, 514 (6th Cir. 1998).

### III. DISCUSSION

To show unfairness sufficient to warrant a new trial, Plaintiff points to the exclusion of evidence of the complaints of other employees of Defendant, the restriction of evidence concerning time periods not at issue in the trial, the exclusion of a sexual harassment verdict against Lott, and the exclusion of her retaliation claim from trial.

*A. Restriction of the time Period to July 2005*

As an initial matter, Plaintiff objects to the Court's ruling that she may not offer evidence of events occurring after July 2005. Plaintiff never amended her complaint to include events occurring after 2005. In 2006 she attempted to supplement her claim with events that occurred after 2004 and amended her claim to add a count of hostile environment. In 2010, Plaintiff amended her complaint to reflect changes to Defendant. However, she never attempted any other amendment or supplement. Thus, the Court had no reason to extend the period under consideration past the events of 2005. Any evidence of events occurring after 2005 could be relevant only to Defendant's notice and attempts to remedy as they could not have been a part of Plaintiff's environment prior to their occurrence. Because the jury did not reach either Chrysler's notice or attempts to remedy, any exclusion of evidence occurring after the end of the period at issue in this case is at most harmless error.

*B. Evidence of Other Complaints*

Plaintiff accurately notes that the hostility of a work environment must be weighed in light of the "totality of circumstances." *Jackson v. Quanex Corp.*, 191 F.3d 647, 660 (6th Cir. 1999) (quoting *Williams v. General Motors Corp.*, 187 F.3d 553, 562 (6th Cir. 1999)). Yet, even though "[w]e do not limit our analysis to the narrow set of incidents directed at the plaintiff or occurring

5

in the plaintiff's presence, *Jackson*, 191 F.3d at 660 ... comments or conduct of which a plaintiff had no knowledge cannot be said to have made her work environment hostile." *Barrett v. Whirlpool Corp.*, 556 F.3d 502, 515 (6th Cir. 2009) (citing *Hawkins v. Anheuser-Busch, Inc.*, 517 F.3d 321, 335-37 (6th Cir. 2008)). Thus, the other complaints would be relevant to the hostility of Plaintiff's environment if she knew about them during the period she asserts that she experienced a hostile environment.

Plaintiff seeks to avoid this fact by disparaging Defendant's case on this point (*Burnett v. Tyco Corp.*, 203 F.3d 980 (6th Cir. 2000)) as overruled by *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101 (2002). This argument fails because *Morgan* involved the relevance of events with regard to when they happened, not to whom they happened. Further, as noted above, the Sixth Circuit has maintained the importance of Plaintiff's knowledge during the period of hostility as a key factor for relevance as *Barrett* and *Hawkins* both postdate *Morgan*.

Plaintiff never offers more than a general assertion by counsel to demonstrate when she became aware of any other complaints or the results of those complaints. Further, several of the complaints clearly involve events that occurred after the end of the hostile period at issue in this case. Plaintiff fails to describe how she knew of the complaints, when she knew of which complaints, and only offered her own (potential) direct testimony on point through the general assertion by her attorney in a proffer during jury deliberations. *See* Doc. 274-1. In other words, Plaintiff offered neither her own affidavit (or prior testimony) or any details of her knowledge in her attempt to lay the foundation for offering evidence of the other complaints.

Plaintiff also wanted to offer the other complaints to prove elements other than hostility. Because the jury found that Plaintiff's environment was not hostile, any error (if there was error)

in the exclusion of any evidence relating to any other element was harmless. Thus, Plaintiff has failed to show that the exclusion of evidence of other harassment complaints cause her prejudice that was unfair and would have changed the outcome of the trial.

*C. Exclusion of Evidence of Damages for Hostile Environment Prior to March 2004*

Next, Plaintiff objects to the Court's exclusion of evidence related to events prior to March 2004. Plaintiff believes the Court failed to comply with *Morgan* and that such failure entitles her to a new trial. However, she acknowledges that the jury heard evidence from such periods for the purpose of determining liability. In other words, she only objects to the Court shortening the time period for which she could recover damages. Because the jury did not reach the issue of damages, no error on this objection could have had an effect on the jury verdict.

*D. Exclusion of the Lott Verdict*

Plaintiff asserts that she had the right to tell the jury that she had obtained a verdict against Lott for sexual harassment. However, the Court already considered the effect of that verdict both on Plaintiff's Motion for Partial Summary Judgment and on Defendant's Motion In Limine.[4] First, the Court found that differences in the facts and theories, especially with regard to Plaintiff's March 2003 lay off, prevented any issue preclusive effect of the verdict. Then the Court ruled that without preclusive effect, evidence of the verdict would likely confuse the jury. Plaintiff asserts her entitlement to this evidence by remarking, mistakenly, that it would have carried her burden on hostile environment. Such a situation could have led to significant jury confusion, especially since Plaintiff could have presented the evidence underlying that verdict to the extent it was

---

[4] The Court also considered and rejected consolidation of this case and the case against Lott on more than one occasion.

otherwise admissible and relevant to this case. Thus, Plaintiff has not shown that she was unfairly prejudiced by the exclusion of the verdict in her suit against Lott.

*E. Retaliation Claim*

Plaintiff complains that she was not allowed to present a claim for retaliation to the jury. She believes that her attempt to supplement her complaint, uses of the word "retaliation" in other claims and the fact that she *could have* amended her complaint to add a retaliation claim entitled her to present the claim to the jury. Despite enumerating all of the reasons she could have amended her complaint, Plaintiff must face the fact that she never did *amend* her complaint. That was her job and not the Court's. Thus, Plaintiff suffered no unfair prejudice in the Court's ruling that she could not present the jury with a claim that was never a part of her complaint.

*F. Effect of the Excluded Evidence*

Finally, Plaintiff attempts to show that the Court's rulings determined the outcome of the trial by depending upon statements her counsel claims were made by jurors after the trial. Most notably, she claims that such statements implicate the based on sex element of sexual harassment. However, the Court will grant these alleged statements no weight because Plaintiff merely offers assertions of counsel as to the existence and contents of the statements. Without an affidavit, the Court cannot confirm the existence of the statements or counsel's interpretation of them.[5]

**IV. C**ONCLUSION

---

[5] Plaintiff asks the Court to accept the statements because Defendant does not dispute them. However, she still bears the burden of proving the effect on the outcome of trial. Defendant was entitled to just sit back and do nothing.

For the reasons discussed herein, Plaintiff's motion for a new trial (Doc. 274) is hereby denied.

IT IS SO ORDERED.

                                                  s/ *David A. Katz*
                                                  DAVID A. KATZ
                                                  U. S. DISTRICT JUDGE